UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:26-cv-22782-GAYLES

OSCAR DAVID GALVIS JINETE,

      Petitioner,

v.

MIAMI FDC,

      Respondent.

                                    /

**ORDER**

**THIS CAUSE** comes before the Court on Petitioner Oscar David Galvis Jinete's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"). Petitioner challenges his detention at the Miami Federal Detention Center ("FDC") without being afforded an individualized bond determination. *See generally id*. In accordance with 28 U.S.C. § 2243, the Court issued an Order directing Respondent to show cause why the Petition should not be granted. *See* [ECF No. 4].

Respondent filed a response to the Court's show cause Order on April 17, 2026 [ECF No. 6] (the "Response"), so the Petition is now ripe for review. The Court has considered the Petition, the Response, the record, and applicable law. For the following reasons, the Petition is **GRANTED in part**.

**I.    BACKGROUND**

    **A.    Petitioner's Immigration History in the United States**

Petitioner is a native and citizen of Colombia. [ECF No. 1 at 11]; [ECF No. 6-3 at 1]. Neither the Petition nor the Response explains the full circumstances of Petitioner's arrival in the

United States, *see generally* [ECF No. 1]; [ECF No. 6], but the Petition does indicate that Petitioner came "seeking protection from threats and criminal activity" in his home country, *see* [ECF No 1 at 8]. In December 2021, U.S. Immigration and Customs Enforcement (ICE) arrested Petitioner, but it released him from custody with an Arrival-Departure Record (Form I-94) "as an alternative to detention as a condition of parole." [ECF No. 6-1 at 2]. In December 2022, Petitioner filed an application for relief with U.S. citizenship and Immigration Services (USCIS), which remains pending. [ECF No. 6-2 at 2].

On March 7, 2026, Petitioner was arrested in Hillsborough County, Florida for Battery and Resisting an Officer Without Violence. *See id.*; [ECF No. 6-1 at 2–3]. On March 9, 2026, Petitioner was transferred to ICE custody and issued a Notice to Appear (Form I-862) before an Immigration Judge for a March 24, 2026 hearing to show why he should not be removed from the United States. *See* [ECF No. 6-2 at 2]; [ECF No. 6-3 at 1]. Petitioner has been detained since March 9, *see* [ECF No. 1 at 7], and is currently being held at the FDC, *see* [ECF No. 6 at 2]. Petitioner has not received a bond hearing. *See generally* [ECF No. 1]; [ECF No. 6].

**B.      Petitioner's Habeas Petition and Respondent's Response**

On April 22, 2026, Petitioner filed the Petition, which challenges his prolonged detention on five grounds. [ECF No. 1]. First, he asserts he has been unlawfully detained for a prolonged period without justification, in violation of his Fifth Amendment due process rights, because he has no criminal history or pending criminal charges. *See id.* at 6–7. Second, he asserts he has been denied bond without an individualized determination because the decision was based solely on his immigration status and not on his "actual circumstances." *See id.* at 7. Third, he asserts that he has been improperly classified as requiring mandatory detention because he does not have any criminal convictions or qualifying offenses that would subject him to that level of restraint. *See id.* Fourth,

he asserts he has not been given a "fair opportunity for release" because his denial of bond was "based on general assumptions related to immigration status, rather than specific evidence showing that Petitioner is a danger to the community or a flight risk." *See id.* at 8. Finally, he asserts that his "entry with parole was not properly considered" and was instead "mischaracterized by immigration authorities as unlawful entry without inspection." *See id.* He asks the Court to order his immediate release from custody or, in the alternative, that he be given a prompt bond hearing with "proper legal standards applied." *See id.*

In his Response, Respondent notes this "case presents legal issues that have already been decided in this District numerous times": which authority—8 U.S.C. §1225(b)(2)(A) or 8 U.S.C. § 1226(a)—governs bond determinations for noncitizens in Petitioner's situation; whether the Court has jurisdiction to hear such claims; and whether Petitioner must first exhaust his administrative remedies before seeking judicial relief. *See* [ECF No. 6 at 2]. Respondent argues "Petitioner is an applicant for admission subject to mandatory detention without bond under § 1225(b)(2) because he was present in the United States without being admitted or paroled." *Id.* But Respondent acknowledges that "several Judges in this District have reached the opposite conclusion." *Id.* at 3–4 n.1. Respondent also that asserts 8 U.S.C. § 1252(b)(9), (g) bars the Court's review of Petitioner's claims, as does Petitioner's failure to exhaust his administrative remedies. *See id.* at 10–15.

## II.    LEGAL STANDARD

District courts may grant writs of habeas corpus if a person is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(a), (c)(3). Indeed, "[h]abeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). Relevant here, the Supreme Court has reaffirmed "§ 2241 habeas corpus proceedings

3

remain available as a forum for statutory and constitutional challenges to" immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). And courts in this District have held that this Court has jurisdiction over challenges involving whether a petitioner is detained subject to § 1225(b)(2) or to § 1226(a). *See, e.g.*, *Similien v. Warden, Fed. Det. Ctr., Miami*, No. 26-CV-21739, 2026 WL 900078, at *2 (S.D. Fla. Apr. 2, 2026); *Chamsadine v. Assistant Field Dir. Warden*, No. 26-21487-CV, 2026 WL 746400, at *1 (S.D. Fla. Mar. 17, 2026).

Section 1225(b) governs the inspection of noncitizen applicants for admission. *See* 8 U.S.C. § 1225(b). An "applicant for admission" is an "alien present in the United States who has not been admitted or who arrives in the United States." *See id.* § 1225(a)(1). Detention for noncitizen applicants for admission under § 1225(b)(2) is mandatory. *See Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) (noting § 1225(b)(2) "mandate[s] detention of aliens throughout the completion of applicable proceedings and not just until the moment those proceedings begin"). For that reason, a noncitizen applicant for admission detained under § 1225(b)(2) is ineligible for bond. *See, e.g.*, *Carvajal Bautista v. U.S. Immigr. & Customs Enf't*, No. 1:26-CV-22191, 2026 WL 925590, at *2 (S.D. Fla. Apr. 6, 2026).

Section 1226, on the other hand, "authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *See Jennings*, 583 U.S. at 289 (emphasis added). "Section 1226(a)'s default rule permits the Attorney General to issue warrants for the arrest and detention of these aliens pending the outcome of their removal proceedings." *Id.* at 281; *see also* 28 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."). "The Attorney General 'may release' these aliens on bond" unless they "fall[] into one of the enumerated categories" in § 1226(c) "involving criminal offenses

4

and terrorist activities." *See Jennings*, 583 U.S. at 281 (quoting § 1226(a)(2)). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Id.* at 306; *see also* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1).

Put simply, § 1226(a) "establishes a discretionary detention framework," which is "unlike the mandatory detention framework of § 1225(b)(2)." *See Carvajal Bautista*, 2026 WL 925590, at *2 (quotation marks omitted); *Aguilar Merino v. Ripa*, No. 25-23845-CIV, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025). Congress explained the basis for these different detention frameworks when it determined in 1996 that "noncitizens already residing in the U.S." have "more substantial due process rights" than "noncitizens recently arriving." *See Aguilar Merino*, 2025 WL 2941609, at *3. In the thirty years since then, federal courts and agencies have uniformly held that § 1226(a) governs the detention of noncitizen residents, while § 1225(b)(2) applies to noncitizens arriving at an entry point. *See id.*

Indeed, even ICE's own agency, the DHS, interpreted the statutes this way until a July 2025 policy change. *See id.* Pursuant to the DHS's new policy, however, ICE has been instructed to treat noncitizen residents "in the same manner that 'arriving aliens' have historically been treated," which means mandatory detention and no eligibility for a bond hearing. *See id.* (quoting *ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission*, AILA Doc. No. 25071607 (July 8, 2025)); *Carvajal Bautista*, 2026 WL 925590, at *2. "Following this interpretation, the BIA held" that an Immigration Judge "had no authority to provide a bond hearing to a noncitizen" who "had been living in the United States for years without admission or parole" because he "is an applicant for admission under § 1225(b)(2)" and "subject to mandatory detention." *Carvajal Bautista*, 2026 WL 925590, at *2; *see also Yajure Hurtado*, 29 I. & N. Dec. 216, 228 (B.I.A. 2025) (adopting DHS's new interpretation).

5

But "District Courts have overwhelmingly rejected the BIA's interpretation." *Carvajal Bautista*, 2026 WL 925590, at *2. That includes courts in this District, many of which have concluded that DHS's abrupt shift in interpretation "runs afoul of the statutes' legislative history, plain meaning, and interpretation by courts in" six Circuits over the last three decades. *See, e.g.*, *Aguilar Merino*, 2025 WL 2941609, at *3. Those courts have instead adhered to the interpretation supported by a "plain reading" of § 1225(b)(2) and § 1226(a), *see id.*, which is that the detention of noncitizens encountered when they are already living in the United States "is governed by § 1226(a) and not § 1252(b)(2)," *see Carvajal Bautista*, 2026 WL 925590, at *3; *Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *23 (2d Cir. Apr. 28, 2026). *But see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 506–08 (5th Cir. 2026) (adopting DHS's new interpretation); *Avila v. Bondi*, 170 F.4th 1128, 1137–38 (8th Cir. 2026) (same).

## III.    ANALYSIS

The core disagreement between Petitioner and Respondent is whether Petitioner is detained under § 1225(b)(2), and is thus ineligible for bond, or under § 1226(a), which allows for release on bond. This is a hotly contested question that is currently dividing courts throughout the country. This Court, however, has already answered it: noncitizens who have "been living in the United States" for years before being detained are "governed by § 1226(a) and not § 1252(b)(2)." *See, e.g.*, *Carvajal Bautista*, 2026 WL 925590, at *3. Those noncitizens are "therefore entitled to a bond hearing." *See id.*

Just two days ago, the Second Circuit agreed. *See Cunha*, 2026 WL 1146044, at *2. That Court joined "the overwhelming majority of federal judges across the Nation" who have concluded that § 1226(a) applies to noncitizen residents like Petitioner and that "the government's novel interpretation of the immigration statutes defies their plain text." *See id.* As the Second Circuit

6

noted, the government's attempt to "muddy" the "textually clear waters" of § 1225 "defies the statute's context, structure, history, and purpose"; "contradicts the Supreme Court's dicta in *Jennings* and longstanding Executive Branch practice"; and "raises serious constitutional questions that should be avoided even if the statutory language were ambiguous." *See id.* at *23.

The Court's *Carvajal Bautista* holding evades those problems, and the Court sees no reason to depart from it here.[1] Respondent detained Petitioner, who has lived in the United States since at least 2021, after he had an encounter with state law enforcement in Hillsborough County, not at the border or the port. *See* [ECF No. 6-1 at 2–3]. That makes Petitioner a noncitizen resident, not an arriving alien or an applicant for admission. As a result, the Petition is governed by § 1226(a) not § 1225(b)(2), and Petitioner is entitled to a bond hearing under § 1226(a).[2]

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED:**

1. Petitioner Oscar David Galvis Jinete's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] is **GRANTED in part**. The Court finds that Petitioner's

---

[1] The Court acknowledges the recent decisions by the Fifth and Eighth Circuits that agreed with Respondent's position. *See Buenrostro-Mendez*, 166 F.4th at 506–08; *Avila*, 170 F.4th at 1137–38. Of course, those decisions are "not binding here, and" they "contradict[] the vast majority of district court opinions addressing the issue." *Lobovillalobos v. Hardin*, No. 2:26-cv-00446, 2026 WL 621380, at *2 n.1 (M.D. Fla. Mar. 5, 2026); *see also Buenrostro-Mendez*, 166 F.4th at 509 (Douglas, J., dissenting) (criticizing the decision as "totally unsupported"). Therefore, they do not persuade this Court. Similarly, although two decisions from this District raising this issue are currently pending before the Eleventh Circuit, that Court has not yet decided those appeals, so this Court's *Carvajal Bautista* decision remains good law.

[2] Respondent also argues Petitioner failed to exhaust administrative remedies. But "exhaustion is not required where . . . an administrative appeal would be futile." *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982). That is true because 8 U.S.C. § 1252(d)(1) "is not jurisdictional," *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023) (quoting *Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023)), so the exhaustion requirement courts have derived from it is a prudential limitation the Court has discretion to set aside, *see Bennett v. Spear*, 520 U.S. 154, 162 (1997) (defining prudential concerns as "judicially self-imposed limits on the exercise of federal jurisdiction" that "are founded in concern about the proper—and properly limited—role of the courts in a democratic society" (citations and quotation marks omitted)); *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) ("[W]here Congress has not clearly required exhaustion, sound judicial discretion governs."). Here, because "any subsequent bond appeal to the BIA is nearly a foregone conclusion under" *Yajure Hurtado*, "any prudential exhaustion requirements are excused for futility." *Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535, 2025 WL 2938369 at *2 (S.D. Fla. Oct. 15, 2025).

detention falls under 8 U.S.C. § 1226(a).

2. Respondent shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) on or before **May 14, 2026** or otherwise release Petitioner.

3. **On or before May 18, 2026**, Respondent shall file a Status Report informing the Court of whether Petitioner was given a bond hearing, the outcome of Petitioner's bond hearing, and the status of matters relevant to the Petition.

4. This case is **CLOSED** for administrative purposes.

5. The Court retains jurisdiction to address matters that may arise with respect to the Petition, and either party may file a motion to reopen the case should any additional relief be sought relating to the Petition or this Order.

6. The Clerk **SHALL MAIL** a copy of this Order to Petitioner.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of April, 2026.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

Cc:

**Oscar David Galvis Jinete**
A# 232082973
Miami FDC
Federal Detention Center
Inmate Mail/Parcels
33 NE 4th Street
Miami, FL 33132
*PRO SE*

**Noticing 2241/Bivens US Attorney**
Email: usafls-2255@usdoj.gov

**Noticing INS Attorney**

8

Email: usafls-immigration@usdoj.gov

**Michele S. Vigilance**
DOJ-USAO
United States Attorney's Office, Civil
99 N.E. 4th Street
Miami, FL 33132
Email: michele.vigilance@usdoj.gov